# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the C of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**303 C V 2524 - K**

(b) County of Residence of First Listed Plaintiff **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TR. LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marsh & Odom, L.L.P.
101 S. Woodrow, Suite B, Denton TX 76205

Attorneys (If Known)
Not known

JUL 17 '03

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/ |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced a Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commoditie Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under E Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Action |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the US Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §1983; excessive force claim against Irving police department

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 20,000 K
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 10/17/2003
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| **MICHAEL AND REBEKAH HOUSE,** | § § § | |
| Plaintiffs | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| **CITY OF IRVING, TEXAS, AND DEFENDANT POLICE OFFICERS 1 - 10,** | § § § § | |
| Defendants | § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

NOW COME MICHAEL AND REBEKAH HOUSE, Plaintiffs in the above-styled and numbered cause and file this, their original complaint and jury demand. Plaintiffs allege the following:

### JURISDICTION AND VENUE

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, the Texas Tort Claims Act and the common law of the State of Texas, against the City of Irving, Texas and Officers 1-10 of the police department of the City of Irving, whose names were unknown to Plaintiffs at the time of this pleading. Jurisdiction is based on this Court's federal question and pendent jurisdiction, 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

*ORIGINAL COMPLAINT AND JURY DEMAND – Page 1*

## PARTIES

3.  Plaintiffs were at all material times residents of Irving, Texas and of full age.

4.  Defendant Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Irving, Texas, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and City of Irving, Texas.

5.  The City of Irving, Texas, is a municipal corporation and the public employer of the defendant officers.

## FACTS

6.  At approximately 5:30 to 6:00 p.m. on or about April 30, 2003, Plaintiff Michael House mistakenly entered apartment 2019 at the Budget Suites located at 700 Walnut Ridge, Irving, Texas. Mr. House was living at that time in apartment 3019 with his wife, Rebekah House, directly above apartment 2019.

7.  Mr. House has been diagnosed with a psychiatric disorder.

8.  An unknown person called the Irving police department. Several defendant police officers arrived at the location shortly thereafter.

9.  Rebekah House realized that her husband was missing and met the police officers at the foot of the stairway leading to apartment 2019. She informed the officers that her husband was mentally ill and showed them his driver's license as well as plastic bottles indicating the medication he had been prescribed. The Defendant Officers were aware of Michael House's illness.

10. The police officers stationed themselves at the rear of the apartment, the foot of the stairs, at the apartment's front window and next to the door. They made no attempt to contact Mr. House.

11. Ten to fifteen minutes later, more officers arrived at the location. These officers were armed with shotguns loaded with "bean bag" ammunition. After conferring with the prior officers for a short period, officers armed with the shotguns kicked in the door to apartment 2019 and started firing rounds at close range at Mr. House. At least ten shots were fired. No fewer than four shots of this initial series of shots hit Mr. House. Mr. House had removed his clothing and was sitting on the floor of the apartment.

12. Several of the officers jumped on Mr. House, who was bleeding from the wounds caused by the impact of the bean bags. At least three officers restrained his upper body while another grabbed his head and banged it repeatedly against the floor. At least two other officers restrained Mr. House's lower body.

13. After Mr. House had been restrained and was in the custody of the police, the Defendant Officers bent his legs up and apart. Another officer discharged another shot gun-fired bean bag into the perianal or perirectal region of Mr. House's body, where it became lodged.

14. Paramedics, who had arrived at the scene prior to the firing of any shots, placed Mr. House on a stretcher. He was taken to Parkland Hospital. Rebekah House arrived at the hospital by car, where they waited for treatment for several hours. Mr. House received no treatment though, and he and Rebekah decided to return to their apartment. After several attempts at multiple Dallas area emergency rooms, the bean bag was removed from Mr. House approximately two weeks after the incidents that form the basis

of this litigation. Mr. House was never charged with a crime related to the events described above.

15. At all times during the events described above, the Defendant Officers were engaged in a joint venture or joint enterprise. The individual officers assisted each other in performing the various actions described above and lent their physical presence and support and the authority of their office to each other during the events that form the basis of this litigation.

16. As a direct and proximate result of the acts of the Defendant Officers, Plaintiff Michael House suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to United States Constitution to be free from an unreasonable seizure of his person;

    b. Physical pain, suffering and emotional distress requiring the expenditure of money for treatment.

17. As a direct and proximate result of the acts of the Defendant Officers, Plaintiff Rebekah House suffered damages in the form of loss of consortium and emotional distress.

18. The actions of the Defendant Officers violated the following clearly established and well settled federal constitutional rights of Michael House:

    a. Freedom from the unreasonable seizure of his person.

    b. Freedom from the use of excessive, unreasonable, unnecessary and unjustified force against his person.

*ORIGINAL COMPLAINT AND JURY DEMAND – Page 4*

## COUNT 1

### 42 U.S.C. § 1983 Against Individual Defendant Officers

19.   Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

20.   Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant officers 1-10 for violation of his constitutional rights under color of law.

## COUNT 2

### Texas Tort Claims Act, Texas Civil Practices and Remedies Code § 101.021 *et seq.*, Against City of Irving

21.   Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

22.   Plaintiffs claim damages for the injuries set forth above under Texas Civil Practice and Remedies Code § 101.021 *et seq.* against the City of Irving. The officers' use of the bean bag and shot gun described above proximately caused Plaintiffs' damages. The officers were acting within the scope of their employment with the City. The employees would be personally liable to the Plaintiffs according to Texas law for those injuries.

23.   Plaintiffs' injuries were caused by the wrongful and/or negligent use of tangible personal property in the form of the bean bag ammunition and the shotguns. The City of Irving would be liable to the Plaintiffs, if it were a private person, according to Texas law.

## COUNT 3

### Assault and Battery against the Individual Defendant Officers

24. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

25. As a direct and proximate result of Defendants' conduct as alleged in this complaint, Plaintiff sustained bodily injuries requiring medical care and attention. The Defendant Officers acted intentionally, knowingly and recklessly. Therefore, Plaintiff has incurred reasonable expenses for necessary medical treatment by physicians, nurses, and hospitals, and for medical supplies, appliances, and medicine. In all probability, Plaintiff will continue to require medical care and attention in the future, and, thus, will continue to incur expenses for medical treatment. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish and seeks compensatory damages in an amount within the jurisdictional limits of this Court.

26. At the same time and place that the Defendant Officer who fired the shotgun into Plaintiff Michael House's perianal or perirectal region, the other Defendant Officers held him down and forced his legs apart and thereby commanded, directed, advised, procured, instigated, promoted, controlled, assisted, or abetted the officer who fired the shotgun in an overt way. The Defendant Officers are therefore jointly and severally liable.

27. In doing all the acts alleged in this petition, the Defendant Officers acted with malice or specific intent to cause substantial injury to Plaintiff Michael House.

## COUNT 4

### Intentional Infliction of Emotional Distress against the Defendant Officers

28. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

29. The Defendant Officers' conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized community. In particular, the conduct was outrageous because the Defendants knew that the Plaintiff suffered from a mental illness.

30. The Defendants' conduct proximately caused Plaintiff Michael House damage in that it caused Plaintiff to suffer severe emotional distress. In particular, the Defendants' conduct was the direct and proximate cause of severe indignation, wounded pride, shame, despair, and public humiliation, particularly since the bean bag remained lodged in him for a long period of time.

31. Plaintiff's emotional distress has been severe. He has had difficulty sleeping, has suffered numerous, intense headaches and overwhelming feelings of indignation, wounded pride, shame, despair, and public humiliation. Plaintiff will continue to suffer this mental pain and anguish for a long time into the future.

32. The conduct of Defendants described in this complaint was malicious, so as to entitle Plaintiffs to recover exemplary damages. Plaintiffs will show that as a result of Defendants' conduct, they have suffered losses of time and other expenses, including attorney's fees incurred in the investigation and prosecution of this action. Accordingly, Plaintiffs ask that exemplary damages be awarded against the Defendants in a sum within the jurisdictional limits of the Court.

### COUNT 5

**Negligence against the Individual Defendant Officers**

33. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

34. The Defendant Officers owed a duty to Plaintiff to exercise reasonable care in the operation and use of the shot guns and bean bag ammunition used in the incident described above.

35. The Defendant Officers breached the duty owed to the Plaintiff by allowing the shotgun or bean bag to be discharged into the Plaintiff's perianal region.

36. As the direct and proximate result of the Defendant Officers' failure to prevent discharge of the shotgun into the Plaintiff's perianal region, the Defendant Officers foreseeably and proximately caused grievous bodily harm and other damage to Plaintiff as set forth above.

37. The Defendant Officers' conduct was malicious or grossly negligent, in that, when viewed objectively, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and in that the Defendant Officers had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others.

### COUNT 6

### 42 U.S.C. § 1983 Against the City of Irving

38. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

39. Prior to April 30, 2003, the City of Irving developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Irving, which caused the violation of the Plaintiffs' rights as described above.

40. It was further the policy and/or custom of the City of Irving to fail to supervise and/or train its police officers regarding the use of less than lethal force.

41. It was further the policy and/or custom of the City of Irving to fail to supervise and/or train its officers regarding the treatment of persons known to be mentally ill.

42. As a result of the failures to train and supervise described above, police officers of the City of Irving, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Irving to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiffs' rights as alleged in this complaint.

WHEREFORE, the Plaintiffs request that this Court:

a. Award compensatory damages to Plaintiffs against the Defendants, jointly and severally;

b. Award costs of this action to the Plaintiffs;

c. Award reasonable attorney's fees and costs to the Plaintiffs on Counts 1, 2 and 6 of this Complaint;

d. Award punitive or exemplary damages to the Plaintiffs on all Counts of this Complaint;

*ORIGINAL COMPLAINT AND JURY DEMAND – Page 9*

  e. Award such other and further relief as this Court deem appropriate.

            Respectfully submitted,

            *MARSH & ODOM, L.L.P.*

            */s/ Erik W. Hansen*
            ERIK W. HANSEN
            101 South Woodrow Lane
            Suite B
            Denton, Texas 76205
            Telephone: (940) 383-3996
            Facsimile: (940) 383-2551
            State Bar No. 24012779

            ATTORNEY FOR PLAINTIFFS

THE PLAINTIFFS HEREBY DEMAND A JURY TRIAL.