

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY - 5 2004

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL AND REBEKAH HOUSE | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:03CV-2524-K |
| | § | |
| CITY OF IRVING, TEXAS, AND | § | |
| DEFENDANT POLICE OFFICERS | § | |
| MONTY VINCENT, JEFFERSON | § | |
| MITCHELL, VINCENT DALESANDRO | § | |
| TED ZETTLE, RAFAEL ESPARZA, | § | |
| MICHAEL SABRE, RICK W. | § | |
| CUTLER, VANCE FLOWERS, HAYES | § | |
| O'REILLY, WAYNE SHOUSE AND | § | |
| RON HUBBARD | § | |
| | § | |
| Defendants | § | |

**ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF
DEFENDANTS MONTY VINCENT, JEFFERSON MITCHELL,
VINCENT DALESANDRO, TED ZETTLE, RAFAEL ESPARZA,
MICHAEL SABRE, RICK CUTLER, VANCE FLOWERS,
HAYES O'REILLY, WAYNE SHOUSE AND RON HUBBARD**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MONTY VINCENT, JEFFERSON MITCHELL, VINCENT DALESANDRO, TED ZETTLE, RAFAEL ESPARZA, MICHAEL SABRE, RICK CUTLER, VANCE FLOWERS, HAYES O'REILLY, WAYNE SHOUSE AND RON HUBBARD**, eleven of the Defendants in the above-styled and numbered cause, and file this their Original Answer to the Plaintiffs' First Amended Original Complaint, as well as their Affirmative Defenses and Jury Demand, and in support thereof would show:

# I.
## ORIGINAL ANSWER

1.      Concerning the allegations contained in Paragraph 1 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that this Court has jurisdiction and that the Plaintiffs seek recovery of damages pursuant to the statutes, constitutional provisions and common law referenced therein.  However, they deny that they have any liability whatsoever herein, that the Plaintiffs' are entitled to any recovery from them and any other allegations contained in said Paragraph.

2.      Concerning the allegations contained in Paragraph 2 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that venue is proper in this Court. However, they deny that they have any liability whatsoever herein, that the Plaintiffs are entitled to any recovery from them and any other allegations contained in said Paragraph.

3.      These Defendants are without sufficient knowledge or information at this time to admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' First Amended Complaint and Jury Demand.  However, they do admit that the incident in question occurred within the corporate limits of the City of Irving.

4.      Concerning the allegations contained in Paragraphs 4 through 14 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that at all pertinent times they were police officers acting under the color of law and within the scope of their employment with the City of Irving.  Any other allegations contained in said Paragraphs are denied.

5.      These Defendants admit the allegations contained in Paragraph 15 of the Plaintiffs' First Amended Complaint and Jury Demand.

6.      Concerning the allegations contained in Paragraph 16 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that at some point in time on April 30, 2003, Mr. House broke out the window to, and illegally entered through the broken out window, Suite 2019 at the Budget Suites, 700 Walnut Ridge, Irving, Texas. Further, upon information and belief, these Defendants admit that Mr. and Ms. House were staying in another suite at the Budget Suites. Any other allegations contained in said Paragraph are denied.

7.      Concerning the allegations contained in Paragraph 17 of the Plaintiffs' First Amended Original Complaint and Jury Demand, upon information and belief, these Defendants admit that Mr. House had psychological problems. However, they do not have sufficient knowledge or information at this time to admit or deny any other allegations contained in said Paragraph.

8.      Concerning the allegations contained in Paragraph 18 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that the Police Department of the City of Irving was contacted and police officers were dispatched as a result of said call. Any other allegations contained in said Paragraph are denied.

9.      Concerning the allegations contained in Paragraph 19 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that one or more officers made contact with Ms. House by a stairway; that she indicated that her husband had a mental condition; and that she showed at least one officer his driver's license. Any other allegations contained in said Paragraph are denied.

10.     Concerning the allegations contained in Paragraph 20 of the Plaintiffs First Amended Original Complaint and Jury Demand, these Defendants admit that police officers stationed themselves around the window, door and stairway outside of the suite that Mr. House had broken

into and terrorized its occupant.  Any other allegations contained in said Paragraph are denied.

11.  Concerning the allegations contained in Paragraph 21 of the Plaintiffs' First Amended Complaint and Jury Demand, these Defendants admit that at some point in time additional officers arrived on the scene; that there were at least two beanbag shotguns on the scene; that at some point, an officer fired four rounds from a beanbag shotgun at Mr. House while the officer was standing outside the suite;  that, at some point, an officer kicked in the door to the suite and was followed into the suite by other officers; and that Mr. House was naked when officers initially arrived on the scene and first made contact with him.  Any other allegations contained in said Paragraph are denied.

12.  Concerning the allegations contained in Paragraph 22 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that it took more than one officer to overcome Mr. House's resistence and restrain his upper and lower body.  Any other allegations contained in said Paragraph are denied.

13.  These Defendants deny the allegations contained in Paragraph 23 of the Plaintiffs' First Amended Complaint and Jury Demand.

14.  Concerning the allegations contained in Paragraph 24 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that paramedics arrived on the scene prior to the point in time that the four beanbag rounds were fired; that Mr. House was placed on a gurney; that he was transferred to Parkland Hospital; that a mental health warrant was obtained for Mr. House; and that Mr. House was not charged with a crime although he could have been. These Defendants are without sufficient knowledge or information at this time to admit or deny the remaining allegations contained in said Paragraph.

15.  These Defendants deny the allegations contained in Paragraphs 25, 26, 27 and 28 of the

Plaintiffs' First Amended Complaint and Jury Demand.

16.    Concerning the allegations contained in Paragraph 29 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants incorporate by reference the foregoing Paragraphs 1 through 15.

17.    These Defendants deny the allegations contained in Paragraph 30 of the Plaintiffs' First Amended Complaint and Jury Demand.

18.    Concerning the allegations contained in Paragraph 31 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants incorporate by reference the foregoing Paragraphs 1 through 17.

19.    Concerning the allegations made against them in Paragraphs 32 and 33 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants admit that they were acting in the course and scope of their employment.  Any other allegations contained in said Paragraphs are denied.

20.    Concerning the allegations contained in Paragraph 34 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants incorporate by reference the foregoing Paragraphs 1 through 19.

21.    These Defendants deny the allegations contained in Paragraphs 35, 36 and 37 of the Plaintiffs' First Amended Original Complaint and Jury Demand.

22.    Concerning the allegations contained in Paragraph 38 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants incorporate by reference the foregoing Paragraphs 1 through 21.

23.    These Defendants deny the allegations contained in Paragraphs 39, 40, 41 and 42 of the

Plaintiffs' First Amended Original Complaint and Jury Demand.

24.    Concerning the allegations contained in Paragraph 43 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants incorporate by reference the foregoing Paragraphs 1 through 23.

25.    These Defendants deny the allegations contained in Paragraphs 44, 45, 46 and 47 of the Plaintiffs' First Amended Original Complaint and Jury Demand.

26.    Concerning the allegations contained in Paragraph 48 of the Plaintiffs' First Amended Original Complaint and Jury Demand, these Defendants incorporate by reference the foregoing Paragraphs 1 through 25.

27.    These Defendants deny any and all allegations made against them in Paragraphs 49, 50, 51, 52 and 53 of the Plaintiffs' First Amended Original Complaint and Jury Demand.

28.    These Defendants deny that the Plaintiffs are entitled to any of the recovery sought in the Prayer set forth on Page 11 of their First Amended Original Complaint and Jury Demand.

## II.
## AFFIRMATIVE DEFENSES

1.    These Defendants will show that they did not violate any of the rights secured to the Plaintiffs under federal or state law.

2.    These Defendants will show that any force allegedly used by them was reasonable under the circumstances with which they were confronted.

3.    These Defendants will show that they are entitled to qualified immunity from the Plaintiffs' federal claims.

4.    These Defendants will show that they are entitled to official immunity from the Plaintiffs'

state law claims.

5.      These Defendants will show that the incident in question, as well as the Plaintiffs' purported

injuries and damages, were proximately caused by the acts or omissions of Plaintiff Michael House.

6.      These Defendants will show that the claims against them have no factual or legal basis.

7.      These Defendants will show that they are entitled to recover their reasonable attorney's fees

and costs herein.

### III.
### JURY DEMAND

1.      These Defendants hereby demand a trial by jury.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants **MONTY VINCENT, JEFFERSON MITCHELL, VINCENT DALESANDRO, TED ZETTLE, RAFAEL ESPARZA, MICHAEL SABRE, RICK CUTLER, VANCE FLOWERS, HAYES O'REILLY, WAYNE SHOUSE AND RON HUBBARD** pray that the Plaintiffs take nothing against them; that they recover their reasonable attorney's fees and costs; and that they have such other and further relief, at law or in equity, to which they may show themselves entitled.

Respectfully submitted,

By:    _Paul K Pearce_

PAUL K. PEARCE, JR.
State Bar No. 15683600
**MATTHEWS, STEIN, SHIELS,**
**PEARCE, KNOTT, EDEN & DAVIS, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)

**ATTORNEY FOR DEFENDANTS**
**MONTY VINCENT, JEFFERSON**
**MITCHELL, VINCENT DALESANDRO,**
**TED ZETTLE, RAFAEL ESPARZA,**
**MICHAEL SABRE, RICK CUTLER,**
**VANCE FLOWERS, HAYES O'REILLY,**
**WAYNE SHOUSE AND RON HUBBARD**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to each attorney of record in accordance with the Federal Rules of Civil Procedure on this 5th day of May 2004.

_Paul K Pearce_

PAUL K. PEARCE, JR.