IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 5 2004
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | |
|---|---|
| MICHAEL AND REBEKAH HOUSE, § | |
|     Plaintiffs § | |
| § | |
| V. § | |
| § | |
| CITY OF IRVING, TEXAS, AND § | CIVIL ACTION |
| DEFENDANT POLICE OFFICERS § | NO. 303CV2524-K |
| MONTY VINCENT, JEFFERSON § | |
| MITCHELL, VINCENT DALESANDRO, § | |
| TED ZETTLE, RAFAEL ESPARZA, § | |
| MICHAEL SABRE, RICK W. CUTLER, § | |
| VANCE FLOWERS, HAYES O'REILLY, § | |
| WAYNE SHOUSE, AND RON HUBBARD § | |
|     Defendants § | |

**DEFENDANT, CITY OF IRVING'S, ORIGINAL ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CITY OF IRVING, Defendant in the above-styled and numbered cause, and file this its Original Answer to Plaintiff's First Amended First Amended Original Complaint, as well as its Affirmative Defenses and Jury Demand and in support thereof would show:

I.
ORIGINAL ANSWER

1. Concerning the allegations contained in Paragraph 1 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that this Court has jurisdiction and that the Plaintiffs seek recovery of damages pursuant to the statutes, constitutional

provisions and common law referenced therein. However, it denies that it has any liability whatsoever herein, that the Plaintiffs are entitled to any recovery from it and any other allegations contained in said Paragraph.

2. Concerning the allegations contained in Paragraph 2 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that venue is proper in this Court. However, it denies that it has any liability whatsoever herein, that the Plaintiffs are entitled to any recover from it and any other allegations contained in said Paragraph.

3. Concerning the allegations contained in Paragraph 3 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant is without sufficient knowledge or information at this time to admit or deny the allegations. However, it does admit that the incident in question occurred within the corporate limits of the City of Irving.

4. Concerning the allegations contained in Paragraph 4 through 14 of the Plaintiffs' First Amended Original Complaint and Jury Demand, Defendant admits that at all pertinent times the individual officers named were police officers acting under the color of law and within the scope of their employment with the City of Irving. Defendant CITY OF IRVING denies all other allegations contained in said Paragraphs.

5. Concerning the allegations contained in Paragraph 15 of the Plaintiffs' First Amended Original Complaint and Jury Demand, Defendant admits that it is a municipal corporation and the public employed of the defendant officers. Defendant denies that the Plaintiffs have any valid claims against it; that it has any liability whatsoever herein.

6. Concerning the allegations contained in Paragraph 16 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that at some point in time on April 30, 2003, Mr. House broke out the window and, through the broken-out window, illegally

entered Suite 2019 at the Budget Suites, 700 Walnut Ridge, Irving, Texas. Further, upon information and belief, this Defendant admits that the Plaintiffs were staying in another suite at the Budget Suites. Any other allegations contained in said Paragraph arc denied.

7. Concerning the allegations contained in Paragraph 17 of the Plaintiffs' First Amended Original Complaint and Jury Demand, upon information and belief, this Defendant admits that Mr. House had psychological problems. However, it does not have sufficient knowledge or information at this time to admit or deny any other allegations contained in said Paragraph.

8. Concerning the allegations contained in Paragraph 18 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that the Police Department of the City of Irving was contacted and police officers were dispatched as a result of said call. Any other allegations contained in said Paragraph arc denied.

9. Concerning the allegations contained in Paragraph 19 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that one or more officers made contact with Ms. House by a stairway; that she indicated that her husband had a mental condition; and that she showed at least one officer his driver's license. Any other allegations contained in said Paragraph are denied.

10. Concerning the allegations contained in Paragraph 20 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that police officers stationed themselves around the window, door and stairway outside of the suite that Mr. House had broken into and entered, terrorizing its occupant. Any other allegations contained in said Paragraph are denied.

11. Concerning the allegations contained in Paragraph 21 of the Plaintiffs' First Amended Complaint and Jury Demand, this Defendant admits that at some point in time additional officers

arrived on the scene; that there were at least two beanbag shotguns on the scene; that at some point, an officer fired four rounds from a beanbag shotgun at Mr. House while the officer was standing outside the suite; that, at some point, an officer kicked in the door to the suite and was followed into the suite by other officers; and that Mr. House was naked when officers initially arrived on the scene and first made contact with him. Any other allegations contained in said Paragraph are denied.

12. Concerning the allegations contained in Paragraph 22 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that it took more than one officer to overcome Mr. House's resistance and restrain his upper and lower body. Any other allegations contained in said Paragraph are denied.

13. This Defendant denies the allegations contained in Paragraph 23 of the Plaintiffs' First Amended Complaint and Jury Demand.

14. Concerning the allegations contained in Paragraph 24 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that paramedics arrived on the scene prior to the point in time that the four beanbag rounds were fired; that Mr. House was placed on a gurney; that he was transferred to Parkland Hospital; that a mental health warrant was obtained for Mr. House; and that Mr. House was not charged with a crime, although he could have been. This Defendant is without sufficient knowledge or information at this time to admit or deny the remaining allegations contained in said Paragraph.

15. This Defendant denies the allegations contained in Paragraphs 25, 26, 27 and 28 of the Plaintiffs' First Amended Complaint and Jury Demand.

16. Concerning the allegations contained in Paragraph 29 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant incorporates by reference the foregoing Paragraphs 1 through 15.

17. This Defendant denies the allegations contained in Paragraph 30 of the Plaintiffs' First Amended Complaint and Jury Demand.

18. Concerning the allegations contained in Paragraph 31 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant incorporates by reference the foregoing Paragraphs 1 through 17.

19. Concerning the allegations made against them in Paragraphs 32 and 33 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant admits that the Defendant Officers were acting in the course and scope of their employment. Any other allegations contained in said Paragraphs are denied.

20. Concerning the allegations contained in Paragraph 34 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant incorporates by reference the foregoing Paragraphs 1 through 19.

21. This Defendant denies the allegations contained in Paragraphs 35, 36 and 37 of the Plaintiffs' First Amended Original Complaint and Jury Demand.

22. Concerning the allegations contained in Paragraph 38 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant incorporates by reference the foregoing Paragraphs 1 through 21.

23. This Defendant denies the allegations contained in Paragraphs 39, 40, 41 and 42 of the Plaintiffs' First Amended Original Complaint and Jury Demand.

24. Concerning the allegations contained in Paragraph 43 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant incorporates by reference the foregoing Paragraphs 1 through 23.

25. This Defendant denies the allegations contained in Paragraphs 44, 45, 46 and 47 of the Plaintiffs' First Amended Original Complaint and Jury Demand.

26. Concerning the allegations contained in Paragraph 48 of the Plaintiffs' First Amended Original Complaint and Jury Demand, this Defendant incorporates by reference the foregoing Paragraphs 1 through 25.

27. This Defendant denies any and all allegations made against it in Paragraphs 49, 50, 51, 52 and 53 of the Plaintiffs' First Amended Original Complaint and Jury Demand.

28. This Defendant denies that the Plaintiffs are entitled to any of the recovery sought in the Prayer set forth on Page 11 of their First Amended Original Complaint and Jury Demand.

## II.
## AFFIRMATIVE DEFENSES

1. This Defendant will show that it did not violate any of the rights secured to the Plaintiffs under federal or state law.

2. This Defendant will show that any force allegedly used by its police officers was reasonable under the circumstances with which they were confronted and that they are entitled to qualified immunity from the Plaintiffs' federal claims.

3. Defendant CITY OF IRVING will show that it does not have a custom, policy or practice, the application of which deprived the Plaintiffs of any of federally secured rights and that it was not deliberately or consciously indifferent to their federally secured rights.

4. Concerning the Plaintiffs' state claims, this Defendant will show that at all times in question, it was engaged in the performance of a governmental function.

5. This Defendant will show that it is entitled to governmental immunity and any employee acting within the scope of his employment with the City of Irving is entitled to official immunity from the Plaintiffs' state law claims. In the alternative, immunity has been waived only to the extent set forth in, and subject to the limitations contained in, the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.C. §101.101, et seq.

6. This Defendant will show that, with respect to Plaintiffs' state law claims, Defendant is immune from suit, as Defendant's immunity from suit has not been waived and that this Court lacks, and Plaintiffs have failed to affirmatively establish, that this Court has subject matter jurisdiction over said claims.

7. This Defendant will show that the limited waiver of governmental immunity provided for in the Texas Tort Claims Act does not apply to Plaintiffs' claims as provided in §101.055(2), TEX.CIV.PRAC. & REM.C., as such claims arise from actions of employees of Defendant taken while responding to an emergency call or reacting to an emergency situation, in compliance with applicable laws and ordinances, or in the absence of such a law or ordinance, not taken with conscious indifference or reckless disregard for the safety of others.

8. This Defendant will show that the limited waiver of governmental immunity provided for the Texas Tort Claims Act does not apply to Plaintiffs' claims as provided in §101.055(3),

Tex.Civ.Prac. & Rem.C., as such claims arise from the failure to provide or method of providing police protection.

9. This Defendant will show that the limited waiver of governmental immunity provided for the Texas Tort Claims Act does not apply to Plaintiffs' claims as provided in §101.062, Tex.Civ.Prac. & Rem.C., as such claims are against a public agency that arise from actions of employees of Defendant that involve providing 9-1-1 service or responding to a 9-1-1 emergency call and the action did not violate an applicable statute or ordinance.

10. This Defendant will show that the incident in question, as well as Plaintiffs' purported injuries and damages, were proximately caused by the acts or omissions of Plaintiff Michael House.

11. This Defendant will show that it is entitled to recover its reasonable attorney's fees and court costs.

12. This Defendant will show that it is entitled to governmental immunity from the payment of exemplary or punitive damages.

13. Defendant City of Irving will show that the claims against it have no factual or legal basis.

14. Defendant City of Irving affirmatively pleads that the acts complained of by Plaintiff were not proximately caused by any constitutionally defective official policy or practice of the City of Irving.

15. Defendants affirmatively plead that the City of Irving cannot be liable to Plaintiff under a theory of respondeat superior regarding Plaintiffs' claims, and that it cannot be held vicariously liable for the negligent and grossly negligent acts, if any, of its agents, servants and employees.

## III.
## JURY DEMAND

1. This Defendant hereby demands a trial by jury.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, CITY OF IRVING, prays that the Plaintiffs take nothing against it; that it recovers its reasonable attorney's fees and costs; and it has such other and further relief, at law or in equity, to which it may show itself entitled.

Respectfully submitted,

OFFICE OF CITY ATTORNEY DAVID CAYLOR

By: *Nancy O. Williams*
NANCY O. WILLIAMS
Senior Assistant City Attorney
State Bar No. 15280500

SAUL PEDREGON
Assistant City Attorney
State Bar No. 00797231

825 W. Irving Blvd.
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile: 972.721.2750

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the Plaintiffs' attorney of record in accordance with the Federal Rules of Civil Procedure on this 5th day of May 2004.

*Nancy O. Williams*
NANCY O. WILLIAMS