IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL AND REBEKAH HOUSE, <br> Plaintiffs <br><br> V. <br><br> CITY OF IRVING, TEXAS, AND DEFENDANT POLICE OFFICERS MONTY VINCENT, JEFFERSON MITCHELL, VINCENT DALESANDRO TED ZETTLE, RAFAEL ESPARZA, MICHAEL SABRE, RICK W. CUTLER, VANCE FLOWERS, HAYES O'REILLY, WAYNE SHOUSE AND RON HUBBARD, <br> Defendants | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:03-CV-2524-B |

## SECOND MOTION FOR WITHDRAWAL OF PLAINTIFFS' COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Movants, Erik W. Hansen and Lanhon Odom, Attorneys for Plaintiffs Michael House and Rebekah House, (hereinafter Respondents), and bring this Second Motion for Withdrawal of Counsel, and in support thereof show the Court the following:

1.

**A. Impact on current deadlines.**

*Scheduling Order paragraphs 1 &2.* A true and correct copy of the operative scheduling order is attached to this motion as Exhibit A. The parties have not entered into any extensions as provided therein. The Plaintiffs and Defendant City of Irving have mediated in compliance with paragraphs 1 and 2 of that order. Plaintiffs' counsel was unable to obtain the Court's leave for permission to add the individual defendant officers prior to the mandated mediation date. Those defendants therefore were not able to

participate. The Plaintiffs and Defendant City of Irving agreed, after several hours, that mediation would be adjourned and taken up at a later date after discovery and the addition of the defendant officers had been effectuated. The mediator remains prepared to resume mediation.

*Scheduling Order paragraph 3.* Trial is set for June of next year. Movants do not anticipate that the granting of this motion will affect that deadline.

*Scheduling Order paragraph 4.* The Movants have successfully added the officers who were present and do not anticipate the need to seek leave to add any further parties.

*Scheduling order paragraphs 5, 6 & 7.* The Movants, their successors and/or the Plaintiffs themselves are not likely to file any dispositive motions based on the evidence adduced to date. However, in the event that the Defendants file such motions, there is ample time for discovery and the filing of affidavits to prevent the granting of dispositive motions. Movants do not anticipate any difficulty with the requirements set forth in paragraphs 6 & 7 of the order.

*Scheduling Order paragraph 8.* The next deadline in the Court's scheduling order is February 4, 2005, for designation of experts. Movants have contacted a physician and a forensic ballistic expert as possible experts. Evidence of that contact and potential designation has been provided to the Plaintiffs. Mr. House has taken possession of his entire file and the evidence in this matter as part of his search for new counsel.

*Scheduling Order paragraphs 9-13.* The Movants do not anticipate that the granting of this motion will affect the pretrial disclosures and other matters discussed in the ninth through thirteenth paragraphs of the scheduling order.

*Scheduling Order paragraph 14.* The Movants do not anticipate that the granting of this motion will affect the matters discussed in paragraphs fourteen through seventeen of the Scheduling Order.

During the visit described below, Mr. House has indicated to Movant Erik W. Hansen that he intends to continue with this litigation. Although quite a bit remains to be done on this case, the Movants have taken the deposition of one police officer and consulted with potential experts as shown below in addition to responding to and propounding discovery.

## B. Plaintiffs' efforts to find new counsel.

As noted above, Plaintiff Michael House has demanded his file and all the evidence contained therein. Movants have complied with this request. Although he did not respond to written correspondence and phone calls regarding several successive matters prior to the filing of the Movants' initial motion for withdrawal, Mr. House has left messages and physically appeared at Movants' offices since that time. The substance of the messages was to demand his file. He did not leave return addresses or phone numbers apart from those Movants already had even when demanded by Movants and their office staff. During his final visit, Movant Erik W. Hansen asked Mr. House where Rebekah House was and whether she would sign the motion to withdraw or oppose it. Mr. House refused to say where she was or whether she was opposed to the motion. He did, however, agree to sign the motion. Also during the final visit, Movant Erik W. Hansen asked Mr. House whether he had taken steps to find new counsel. Mr. House indicated that he had made several inquiries, but that no new attorney client relationship had been established. Since Movants became aware of the Court's denial of their initial

motion for withdrawal, they have again attempted to contact the Houses at all of the phone numbers available to them, again to no avail.

**C. Plaintiffs' consent to withdrawal.**

As shown in part B of this motion, Movants have diligently attempted to contact both Michael and Rebekah House at the addresses and phone numbers given them by the Plaintiffs themselves. They have received no response. Although Mr. House agreed to sign the motion during his final, unannounced visit, he would not indicate where Mrs. House was or how she could be reached. The Plaintiffs' pleadings in this litigation do allege that Mr. House has been diagnosed with a psychiatric disorder. However, Movants have received no indication that he is a ward or proposed ward or otherwise legally disabled or incompetent to consent to a withdrawal by his attorneys.

2.

Good cause exists for withdrawal of Movants as counsel because Respondents have failed to maintain contact with their attorneys and have further failed to respond to their attorneys' requests. The circumstances described above have destroyed the likelihood that Movants can provide Respondents with effective representation.

3.

The undersigned move this Court for an order permitting their withdrawal to allow Respondents the opportunity to retain counsel more in accord with Respondents'

desires and expectations.

<div style="text-align: right;">
Respectfully submitted,

MARSH, ODOM & HANSEN, L.L.P.
</div>

_____
LANHON ODOM
State Bar No. 15202700
ERIK W. HANSEN
State Bar No. 24012779
101 South Woodrow Lane
Suite B
Denton, Texas 76205
Telephone: (940) 383-3996
Facsimile: (940) 383-2551

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

This is to certify that on September 7, 2004, the below-signed telephoned the office of Mr. Paul K. Pearce, Jr., counsel for the defendant police officers and Ms. Nancy O. Williams, counsel for the City of Irving, concerning the original motion for withdrawal of counsel and they indicated that they were not opposed to the same.

_____
ERIK W. HANSEN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion for withdrawal of counsel was mailed to Michael and Rebekah House at their last known mailing address 168 House Road, Grenada, Mississippi 38901, by certified mail, return receipt requested; and was served on Mr. Paul K. Pearce, Jr., of *MATTHEWS, STEIN, SHIELS, PEARCE, KNOTT, EDEN & DAVIS, L.L.P.,* 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251, via facsimile number (972) 234-1750, and to Ms. Nancy O. Williams, Senior Assistant City Attorney for the City of Irving, 825 West Irving Boulevard, Irving, Texas 75060, via facsimile (972) 721-2750 on this the ___5___ day of October, 2004.

_____
ERIK W. HANSEN

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAN 14 2004

MICHAEL HOUSE, REBEKAH )
HOUSE )
 )
Plaintiffs, )
 )
v. ) Cause No. 3:03-CV-2524-K
 )
CITY OF IRVING, TEXAS, )
POLICE OFFICERS 1-10 )
 )
Defendants. )

## SCHEDULING ORDER

The Court, having considered the Joint Proposal for Contents of Scheduling and Discovery Order submitted by the parties on January 5, 2004, finds that the following order should be entered pursuant to Fed. R. Civ. P. 16(b), and the local rules of this Court, to schedule this case for disposition and, if disposition by trial is needed, to expedite the trial. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. Pursuant to Local Rule 16.3(a), the parties to this case shall enter into settlement negotiations as early as possible.

2. The parties are ordered to complete mediation no later than **March 12, 2004** and file a Mediation Report describing the status of settlement negotiations no later than **March 22, 2004**. The parties' obligation to file a Mediation Report is separate from any reporting requirements of the mediator.

   No later than **January 22, 2004**, the parties shall submit a Joint Designation of Mediator in which the parties either name an agreed mediator or state that the parties cannot agree to a mediator. **The parties shall also contact Ms. Cheri Leatherwood at (214) 753-2720 and provide the name of the agreed upon mediator.**

3. This case is set for **JURY** trial on the Court's three-week docket beginning

-1-



Monday, June 6, 2005 @ 9:00 a.m. Counsel and the parties shall be ready for trial on two (2) days notice at any time during this three-week period. Any potential conflicts must be called to the attention of the Court in writing within ten (10) days from the date of this order.

4. All motions requesting leave to join parties or to amend pleadings shall be filed by **April 6, 2004.**

5. All motions that would dispose of all or any part of this case (including all motions for summary judgment), shall be filed by **February 24, 2005.**

6. Responses to motions must be filed within twenty (20) days of the motion.

7. The deadlines in paragraphs 3 through 5 may be extended only by formal motion to the Court. <u>Any extension requested shall not affect the trial or pretrial dates</u>.

8. Unless otherwise stipulated or directed by order, the plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before **February 4, 2005.**

    Each defendant or third party shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before **February 21, 2005.**

    If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosure required under Rule 26(a)(2) shall be made within 30 days after the disclosure made by the other party.

9. Unless otherwise directed by order, the parties must make the disclosure required by Fed. R. Civ. P. 26(a)(3)(A)-(C) by **May 6, 2005.** Within 14 days thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under rule 26(a)(3)(B) and (ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C), if any.

10. By **March 15, 2005** all discovery, including discovery concerning expert witnesses, shall be completed. The parties may agree to extend this deadline, provided (i) the

extension does not affect the trial date and (ii) written notice of the extension is given to the Court.

11. By May 23, 2005 all pretrial material shall be filed with the Court. Mailing these materials on this date is insufficient. The pretrial materials must include the following:

   a. A joint pretrial order shall be submitted by the plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial and whether the case is a jury or non-jury trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted. However, failure to agree upon content or language is not an excuse for submitting separate pretrial orders because each party may submit its version of any disputed matter in the joint pretrial order. If the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

   b. Each party shall provide a list of witnesses and provide (i) the name and address of each witness and (ii) a brief narrative of the testimony to be covered by each witness. The parties must also divide its list of witnesses into groups of "probable witnesses," "possible witnesses," "experts," and "record custodians."

   Pursuant to Fed. R. Civ P. 16(c)(15), and section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court intends to impose a reasonable limit on the time allowed for presenting evidence in this case. Accordingly, the parties must also state the expected duration of direct and cross examination of each witness.

   c. Each party shall file a list of exhibits and a designation of portions of depositions to be offered at trial. The list of exhibits shall describe the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall exchange a complete set of marked exhibits with opposing counsel; and shall deliver on the day the case

-3-

is called for trial, a set of marked exhibits to the Court's chambers (except for large or voluminous items that cannot be easily reproduced).
Each exhibit list shall be accompanied by a written statement, signed by counsel for each party (except the party offering the exhibit) stating as to each exhibit either (i) the parties agree to its admissibility or (ii) the admissibility of the exhibit is objected to, identifying the nature and legal basis of the objection, and the names of the party or parties urging the objection. Counsel for the party proposing to offer the exhibit shall be responsible for coordinating activities related to preparation of such a statement. The Court may exclude any exhibit offered at trial unless such a statement has been filed in a timely manner.

d. Requested jury instructions shall be filed by each party. Each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority and/or pattern instructions. The parties should, to the extent possible, rely on authority from the U.S. Supreme Court and Fifth Circuit. The parties are encouraged to include a copy of the proposed instructions and conclusions in WordPerfect compatible format.

e. In a non-jury case, each party having the burden of persuasion on an issue shall file proposed findings of fact and conclusions of law accompanied by citation to statutory or case authority. Within five (5) days thereafter, any opposing party shall serve proposed findings and conclusions with authority on that issue, numbered in paragraphs corresponding to those filed by the party with the burden of proof.

f. Motions in limine, if any, shall be filed by each party. Motions in limine must be limited to matters actually in dispute after conference with opposing counsel.

g. Each party shall file proposed voir dire questions, if any, it would like the Court to consider asking the jury panel.

h. Trial briefs, if any, shall be filed by each party. In the absence of an order from the Court, trial briefs are not required, but are welcome.

12. On the day the case is called for trial, additional copies of the list of witnesses and list of exhibits shall be delivered by each party to the court reporter.

13 At least fourteen (14) days before the trial date, the parties and their respective

lead counsel shall hold a face-to-face meeting to discuss settlement. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

14. Within seven (7) days after the settlement meeting, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

15. If plaintiff(s) and defendant(s) have not already filed a Certificate of Interested Persons with the Clerk of Court, they are directed to do so no later than **January 22, 2004** so that the Court may ensure that recusal is not necessary.

16. This order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause. Any request that the trial date of this case be modified must be made (i) in writing to the Court and (ii) before the deadline for completing discovery. **However, the Court will not grant motions to continue the trial setting absent extraordinary circumstances, even if the parties file an agreed motion.**

17. Should any party or counsel fail to cooperate in accomplishing anything required by this order, such party or counsel or both may be subject to sanctions, including dismissal or entry of default without further notice.

SO ORDERED.

Signed January 14, 2004.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

-5-